**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ABRAHAM, INC.,** *et al.*,

    **Plaintiffs,**

                      **Case No. 2:18-cv-1306**
                      **Chief Judge Edmund A. Sargus, Jr.**
    **v.**                    **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## OPINION AND ORDER

This is an action is brought under 7 U.S.C. § 2023 for a *de novo* review of the Final Decision of the United States Department of Agriculture, Food and Nutrition Service, disqualifying Plaintiffs, an Ohio corporation conducting business as a retail merchant and a stockholder of that corporation, from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). (ECF No. 1.) This matter is before the Court for consideration of Plaintiffs' Emergency Motion for Limited Discovery. (ECF No. 3.) In their Emergency Motion, Plaintiffs seek to conduct limited discovery from non-party Marathon Petroleum Co. ("Marathon") to obtain transaction data for credit card transactions processed by Marathon during the period September 2017 to February 2018. (*Id.*)

Federal Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213

F.R.D. 418, 419 (D. Colo. 2003)). Courts considering a motion for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2; *see also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted).

Another court in this circuit previously discussed the following considerations when determining whether good cause exists:

> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, 2:07–cv–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08–cv–200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10–cv–314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery [(citing *Lemkin*, 2009 WL 1542731, at *2)].

*Luxottica Retail N. Am., Inc. v. Vision Serv. Plan,* No. 1:14–cv–581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014).

Here, Plaintiffs explain that Marathon has represented to counsel that transactional data is kept for approximately thirteen (13) months before it is destroyed. (ECF No. 3 at 2.) The relevant time period at issue in this case is September 2017 to February 2018, which Plaintiffs argues "means that the automatic destruction of some relevant data may have already occurred." (*Id.*) According to Plaintiffs, Marathon has indicated that it will produce records only in response to a subpoena. (*Id.*) Plaintiffs therefore seek permission to issue the proffered

2

subpoena to obtain certain electronic data that is subject to automatic destruction if it is not preserved or obtained immediately. (*Id.*) Although Plaintiffs are in the process of serving the United States, they advise that their counsel has spoken to Attorney Leah Wolfe who will be representing the United States and that she does not oppose the Emergency Motion. (*Id.*)

Having considered the relevant standard and the representations of Plaintiffs, the Court is persuaded that Plaintiffs have established the necessary good cause to serve their subpoena. Marathon's electronic data from the period September 2017 to February 2018 will be destroyed in the absence of the subpoena. Moreover, the scope of the requested discovery is limited to the information that will likely be destroyed and is relevant to the claims in this action. Notably, defense counsel does not object to the issuance of the subpoena or to the scope of information sought. Finally, the present record does not reflect that Marathon will suffer any prejudice in producing the electronic data from this limited period, particularly where Marathon has already advised that it will produce the identified information only in response to a subpoena.

For these reasons, Plaintiffs' Emergency Motion for Limited Discovery (ECF No. 3) is **GRANTED**. It is **ORDERED** that Plaintiffs may serve the proffered subpoena on Marathon for the purposes of obtaining Marathon's electronic data from the period September 2017 to February 2018.

**IT IS SO ORDERED.**

Date: November 30, 2018                     /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE