IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABRAHAM, INC.,** *et al.*,

    **Plaintiffs**

    vs.

              Case No. 2:18-cv-1306

              Judge Edmund A. Sargus, Jr.

              Chief Magistrate Judge Elizabeth P. Deavers

**UNITED STATES OF AMERICA,**

    **Defendant.**

## **OPINION AND ORDER**

This matter is before the Court on the motion to quash subpoena filed by non-party Ohio Department of Job and Family Services ("ODJFS"). (ECF No. 35). Plaintiffs Abraham, Inc. and Araia Belay Abrahim ("Plaintiffs") have filed a Response. (ECF No. 39). ODJFS has filed a Reply. (ECF No. 40). For the following reasons, the motion to quash subpoena is **GRANTED.**

**I.**

The following allegations are taken from Plaintiffs' Complaint. This action is brought under 7 U.S.C. § 2023 for a *de novo* review of the Final Decision of the United States Department of Agriculture, Food and Nutrition Service, disqualifying Plaintiffs from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP"). (Complaint, ECF No. 1, at ¶ 1.) Plaintiff Abraham, Inc., doing business as Marathon Food Center, is a retail merchant in Columbus, Ohio. (*Id*. at ¶ 4.) Plaintiff Araia Belay Abrahim is a stockholder of Abraham, Inc. (*Id*. at ¶ 5.) On September 25, 2018, the United States Department of Agriculture, Supplemental Nutrition Service issued a Final Agency Decision

permanently disqualifying Plaintiffs from participating in SNAP for trafficking violations. (*Id*. at ¶ 9.) Plaintiffs allege that this decision was made without affording them a full and fair opportunity to be heard in violation of their due process rights under the Fifth Amendment. (*Id*. at ¶ 15.) Specifically, they contend that (1) they were not afforded an opportunity to examine or challenge the "computerized fraud detection tool" utilized by the Retail Operations Division; (2) they were not afforded a hearing in which they could call witnesses or confront witnesses making the allegations against them; and (3) the administrative procedures did not provide a meaningful adjudicative process consistent with the requirements of due process. (*Id.*)

## II.

According to Plaintiffs' motion, in order to rebut the trafficking allegations, they issued written discovery requests to Defendant seeking the full legal names, residential addresses and phone numbers for the individuals associated with the household numbers identified as having participated in the specific transactions alleged in the trafficking scheme. *See* Response, ECF No. 39, at p. 2. Defendant responded that the requested information was in the custody, possession, and control of ODJFS. (*Id.*) Accordingly, Plaintiffs and Defendant entered into an Agreed Protective Order, stipulating as follows:

> 4. Accordingly, the parties have agreed to the terms of this protective order that will permit the production of the protected information described below including certain program-related records of the Food and Nutrition Service ("FNS"), United States Department of Agriculture ("USDA"), related to the Supplemental Nutrition Assistance Program ("SNAP"), including, but not limited to, policy memorandums and portions of Standard Operating Procedures, as well as transaction data from other stores participating in SNAP.
>
> 5. As to records containing the actual names and addresses of Electronic Benefits Transfer ("EBT") card users, the parties acknowledge that the FNS does not possess or control the state-administered databases containing that information, which is held by the state that issued the EBT card. FNS only has access to information contained in the state-administered databases for its internal purposes relating to investigations of suspicious EBT transactions. Understanding that FNS does not possess or control the requested information, the parties agree that Plaintiffs may request and obtain from the

2

> issuing state(s) and/or their authorized processor(s) the names and addresses and household identifying numbers of the recipients of SNAP benefits involved in the transactions identified in the attachments to the letter dated April 30, 2018 (the "Charge Letter"), from Michael Skaer, Section Chief, Retailer Operations Division, USDA, FNS regarding the transactions that occurred at Plaintiffs' store during the time period September 2017 through February 2018.

(Agreed Protective Order, ECF No. 31).

Consistent with the Agreed Protective Order, Plaintiffs served a subpoena on counsel for ODJFS on March 18, 2020, requesting identifying information relating to the household numbers identified in the investigation. (ECF No. 34.) ODJFS filed its motion to quash shortly thereafter.

**III.**

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Fed. R. Civ. P. 45. Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises. Fed. R. Civ. P. 45(a)(1). The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the earlier of fourteen days after the subpoena is served or the time specified for compliance. Fed. R. Civ. P. 45(d)(2)(B). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

ODJFS moves to quash the subpoena on three grounds: it seeks statutorily confidential documents, it failed to allow a reasonable time to comply, and it was not properly served.

Turning first to the issue of service, "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). ODJFS contends that the subpoena was emailed to its counsel. This is consistent with the representation in the proof of service filed with the Court.

3

(ECF No. 34.) According to the proof of service, the subpoena is addressed to ODJFS, Office of Family Assistance. (*Id.*) ODJFS contends that there is no evidence that Plaintiffs served the "named person" as identified on the subpoena and required by Rule 45. ODJFS further asserts that there is no evidence that its counsel agreed to accept email service on its behalf.

Plaintiffs dismiss ODJFS' service argument out of hand and address it only in passing in a footnote. They argue, relying on *McClendon v. TelOhio Credit Union, Inc.*, S.D. Ohio No. 2:05-CV-1160, 2006 WL 2380601, *2, that they have committed merely a technical violation of Rule 45 and that, because counsel for ODJFS has appeared, the service issue is moot. The Court is aware that other courts in certain instances have overlooked what they have characterized to be "technical" violations of Rule 45. *See, e.g.*, *Stiles v. Walmart Inc.*, No. 1:20-MC-002, 2020 WL 1976426, at *9 (S.D. Ohio Apr. 24, 2020) (finding technical violation where counsel were in close communication and service was received); *In re Application for Discovery Pursuant to 28 U.S.C. § 1782,* No. 1:19-MC-0102, 2020 WL 364222, at *4 (N.D. Ohio Jan. 22, 2020) (finding technical violation where non-party received subpoena in a timely fashion, had an opportunity to challenge it, and was not otherwise prejudiced by the method of service). Further, the Court is familiar with the trend toward approval of alternative methods of serving a subpoena. *See, e.g., Asian Food Serv., Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 18-13454, 2020 WL 230134, at *1 (E.D. Mich. Jan. 15, 2020) (noting that most of the judges in the district that have considered the issue agree that Rule 45 allows service of a subpoena by alternate means). When approving service by alternate means, however, courts routinely require that the serving party first demonstrate diligence in having attempted personal service. Plaintiffs have demonstrated no such diligence. To the contrary, Plaintiffs seem to suggest that Rule 45's service requirement is

not worthy of their compliance. Nevertheless, the Court would be more inclined to excuse a technical violation here if not for Plaintiffs' further disregard of Rule 45.

The subpoena allowed only two days for compliance. ODJFS correctly argues that this amount of time is not reasonable. Plaintiffs once more minimize ODJFS' objection on this ground, commenting again only by footnote to explain that, with the additional time imposed by the briefing cycle, ODJFS now has been afforded adequate time to respond. Plaintiffs have provided no authority suggesting that two days is a reasonable amount of time for compliance. Further, they provide no authority for their proposition that the potential for a briefing cycle excuses their initial obligation to establish a reasonable time for compliance as required by Rule 45. Moreover, Plaintiffs' interpretation of Rule 45 seems wholly inefficient at best. Fourteen days is generally considered a reasonable time to respond. *See, e.g., McGirr v. Rehme*, No. 16-464, 2018 WL 3708357, at *7 (S.D. Ohio Aug. 3, 2018) (noting that objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served and stating that "this requirement implies that 14 days would be a reasonable time for compliance"). The fact that Plaintiffs afforded ODJFS only two days for compliance is sufficient grounds, standing alone, to grant the motion to quash. *See* Rule 45(d)(3)(A)(i).

Overall, however, the Court is unwilling to endorse Plaintiffs' casual disregard of Rule 45's requirements. To do so under the circumstances here would effectively render those requirements altogether meaningless. Accordingly, the motion to quash is **GRANTED**. However, this ruling is made without prejudice to Plaintiffs' ability to reissue a subpoena that complies fully with Rule 45 or is the subject of an agreement with ODJFS.

Finally, a brief note as to the substantive matter raised by ODJFS' motion. ODJFS contends that the information Plaintiffs seek is protected from disclosure by federal and state

confidentiality provisions, including 7 U.S.C. § 2020(e)(8) and 7 C.F.R. § 272.1(c) and Ohio Rev. Code R.C. § 5101.27(A) and Ohio Adm. Code § 5101:4-1-13(C). Plaintiffs did not address this argument in their response, instead setting forth only a relevance argument. ODJFS, however, has not raised such a challenge and the relevance of the requested information simply is not at issue here. Rather, the issue is whether the concededly relevant information is protected from disclosure by privilege. To this end, the parties are reminded that statutory confidentiality provisions do not automatically serve to create a privilege from disclosure. Accordingly, should Plaintiffs choose to reissue a subpoena, counsel are directed to meet and confer regarding the effect of the governing confidentiality provisions.

Any discussion should consider the holdings set forth in *In re Nassau Cty. Strip Search Cases*, No. 99-CV-2844 (DRH), 2017 WL 3189870, at *6 (E.D.N.Y. July 26, 2017) (concluding that disclosure outside the parameters enumerated in the statutes is permissible and that the information is not privileged) and *Hassan v. United States*, No. C05-1066C, 2006 WL 681038, at *3 (W.D. Wash. Mar. 15, 2006) (concluding that, given that statutes purporting to create new privileges are to be strictly construed, and because the language of the confidentiality provision does not specifically prohibit judicial disclosure, § 2020(e)(8) does not create any privilege barring discovery) relating to 7 U.S.C. § 2020(e)(8) and 7 C.F.R. § 272.1(c). Further, such discussion also should consider the holdings of this Court relating to state law confidentiality provisions and privilege. *See, e.g., Smith v. Sw. Licking Sch. Dist. Bd. of Educ.,* No. 209CV778, 2010 WL 3910487, at *3 (S.D. Ohio Oct. 1, 2010) (to the extent that a statute may create a state law privilege for certain information, such a privilege would not be binding on this Court under Fed. R. Evid. 501).

6

Additionally, the Court notes that ODJFS suggests an overbreadth challenge to the subpoena as issued, noting that the identities of minor children would fall within the bounds of Plaintiffs' request.  *See* Reply, ECF No. 40, at p. 2 n.1.  Although Plaintiffs have indicated that it is not their intention to obtain such information as it relates to minor children, this issue should be clarified in any re-issued subpoena.

For the reasons stated above, the Motion to Quash (ECF No. 35) is **GRANTED** without prejudice to Plaintiffs' ability to reissue a subpoena that complies with all procedural requirements and allows additional time for compliance either as consistent with Rule 45 or as otherwise by agreement.

**IT IS SO ORDERED.**


|  |  |
|---|---|
| **DATED:  June 15, 2020** | */s/ Elizabeth A. Preston Deavers*<br>**ELIZABETH A. PRESTON DEAVERS**<br>**CHIEF UNITED MAGISTRATE JUDGE** |