IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABRAHAM, INC.,** *et al.,*

  **Plaintiffs,**

            Case No. 2:18-cv-1306

 vs.           Judge Edmund A. Sargus, Jr.

            Chief Magistrate Judge Elizabeth P. Deavers

**UNITED STATES OF AMERICA**

  **Defendant.**

## ORDER

  Defendant United States of America has filed a renewed Motion for Leave to File its Motion for Summary Judgment Under Seal.  (ECF No. 43.)  For the following reasons, the motion is **GRANTED**.

  It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978).  A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition."  *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness").  Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted).  The Sixth

Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id.* (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

In its renewed motion, Defendant sets forth a more detailed explanation as to why the motion for summary judgment and its related exhibits should be filed under seal. Specifically, Defendant explains that the summary judgment motion relies on the Administrative Record and that the Record contains personally identifying information as well as sensitive Supplemental Nutrition Assistance Program (SNAP) information including purchasing history and

investigative techniques.  The Court finds that the existence of personally identifying information relating to SNAP households is a compelling reason to allow Defendant to file its motion and related attachments under seal.  However, to ensure that the sealing is appropriately limited in scope, Defendant is required to file a redacted version on the public record.

Accordingly, the Motion for Leave to File Under Seal (ECF No. 43) is **GRANTED.** Defendant shall file a redacted version of its motion for summary judgment and related exhibits on the public record within **SEVEN (7) DAYS**.

**IT IS SO ORDERED.**


|  |  |
|---|---|
| **DATED:  June 15, 2020** | */s/ Elizabeth A. Preston Deavers*_____<br>**ELIZABETH A. PRESTON DEAVERS**<br>**CHIEF UNITED STATES MAGISTRATE JUDGE** |